791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOHN DeVRIENDT, Defendant-Appellant.
 85-1202
 United States Court of Appeals, Sixth Circuit.
 4/4/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL, KENNEDY and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant John DeVriendt appeals the judgment of the United States District Court for the Eastern District of Michigan holding him in violation of section 404 of the Clean Water Act, 33 U.S.C. Sec.1344, and section 10 of the River and Harbor Act, 33 U.S.C. Sec. 403, for constructing without a permit a gabion basket groin extending into Lake Huron.
 
 
 2
 John DeVriendt and his wife own property along Lake Huron in Sanilac County, Michigan, which has been subject to considerable damage through erosion. In an effort to combat and reverse the effects of erosion, DeVriendt, without obtaining a permit, began construction on a gabion basket groin, a jetty constructed of wire mesh cages filled with stone, along side the site of a preexisting timber crib groin. As a result of this groin, which the Army Corps of Engineers estimated at one time reached 130 feet in length, property downdrift of the groin suffered accelerated erosion.
 
 
 3
 On November 2, 1981, following a complaint from one of DeVriendt's neighbors, the Army Corps of Engineers inspected the site. Following further investigation and communication between the Corps and DeVriendt, the Corps determined that the groin was in violation of the River and Harbor Act and the Clean Water Act and ordered DeVriendt to shorten the groin to 54 feet and apply for an after-the-fact permit. The Corps ultimately filed a complaint which DeVriendt defended pro se.
 
 
 4
 The district court, in an opinion of January 20, 1985, deferred to the Corps' expertise, found that DeVriendt had constructed a gabion basket groin extending over 100 feet into Lake Huron in violation of both the CWA and the RHA, rejected DeVriendt's claim that he had merely repaired a preexisting structure, and concluded that the Corps' actions were neither arbitrary nor capricious. It enjoined DeVriendt from depositing additional fill into the lake without a permit, directed him to remove the groin to the extent reguired by the Corps, and assessed a $300.00 civil penalty against him.
 
 
 5
 On appeal, DeVriendt, still acting pro se, challenges the district court's findings of fact, and contends that the court and the Corps violated the National Environmental Policy Act, 42 U.S.C. Sec.4332, and his right to due process, and that the district court order is unenforceable because his wife, a co-owner of the property, was not a party to the litigation.
 
 
 6
 While this court, like the district court, is not without considerable sympathy for the plight of appellant and others who find themselves imperiled by the continued encroachment of high water upon the shoreline properties, we conclude that Judge Harvey did not err in finding that the action of the Army Corps of Engineers in the circumstances was not arbitrary or capricious. Judge Harvey's factual findings were not clearly erroneous nor did he err in holding that the Corps acted in accordance with the applicable statutes and regulations.
 
 
 7
 Accordingly, for the reasons set forth by the Honorable James Harvey in his memorandum opinion filed in the district court on January 28, 1985, the judgment of the district court is AFFIRMED.